IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NICOLAS MEARS, :
:
    Plaintiff :
:
  v. : CIVIL NO. 3:CV-17-1463
:
SUPERINTENDENT KAUFFMAN, ET AL., : (Judge Conaboy)
:
    Defendants :

_____

## MEMORANDUM
## Background

Nicholas Mears filed this pro se complaint raising civil rights and state tort claims in the Huntingdon County Court of Common Pleas. Plaintiff's allegations stem from his confinement at the State Correctional Institution, Huntingdon, Pennsylvania (SCI-Huntingdon). Defendant Jessica Cousins, PA-C filed a notice of removal of Plaintiff's action to this Court pursuant to 28 U.S.C. §§ 1441. See Doc. 1, p. 1.

By Memorandum and Order dated July 26, 2018, a motion to dismiss the complaint filed by Corrections Defendants Chief Grievance Officer Dorina Varner, Superintendent Kevin Kauffman, Prison Rape Elimination Act (PREA) Coordinator Mandy Sipple, Lieutenant Daniel Wendle; and Psychologist Christina Neri was granted. See Doc. 19. A pro se motion to dismiss filed by Defendant Chaplain Burks was deemed withdrawn on August 7, 2018. See Doc. 21.

Presently pending is a motion to dismiss (Doc. 9) by Defendant Cousins, a psychiatric physician's assistant who was

1

previously described by the Corrections Defendants as being an independent contractor who works at SCI-Huntingdon. See Doc. 8, p. 5. The opposed motion is ripe for consideration.

As discussed by this Court's earlier rulings in this matter, Plaintiff was allegedly subjected to verbal harassment by Chaplain Burks during a religious service in the SCI-Huntingdon chapel on January 1, 2017. Burks purportedly singled out the Plaintiff and another prisoner in front of a large gathering of prisoners by insinuating that they were engaged in homosexual activity. Upon the conclusion of the service, Burks purportedly apologized in private to the Plaintiff and invited him back to attend services the following week. Four (4) days later, Mears filed an institutional grievance against Burks.

Upon arriving at the next religious service conducted by Burks on January 8, 2017, the Plaintiff and the other prisoner were immediately removed from the chapel at the direction of the Chaplain allegedly in retaliation for the filing of the aforementioned grievance.

It is alleged that Defendant Cousins was deliberately indifferent to Burks' actions by failing to end the abuse of her client Plaintiff; deciding it was a PREA matter; and not taking any corrective measures. See Doc. 2, ¶ 6.

### **Discussion**

Defendant Cousins' pending motion claims entitlement to dismissal on the grounds: (1) a cognizable Eighth Amendment claim is not alleged; (2) there is no basis for recovery of punitive

2

damages; and (3) Plaintiff failed to exhaust his administrative remedies.[1]  See Doc. 12, p. 3.

**Standard of Review**

As previously discussed by this Court, Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  A court in addressing a motion to dismiss must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

A complaint must set forth facts that, if true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action.  Id. at 556.  A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662 , 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id.  Legal conclusions must be supported by factual allegations and the

---

1.  Pursuant to the standards recently announced in Paladino v. Newsome, 885 F. 3d 203 (3d Cir. 2018), the pending non-exhaustion argument is more properly asserted via a summary judgment motion. Howeever, disposition of the pending motion to dismiss may be reached without consideration of the non-exhaustion argument.

3

complaint must state a plausible claim for relief. See id. at 679.[2]

The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Finally, it is noted that pro se pleadings must be afforded liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Punitive Damages**

The Moving Defendant argues in part that the Complaint has failed to make the requisite showing to warrant an award of punitive damages. See Doc. 12, p. 8.

An award of punitive damages under § 1983 is appropriate when a defendant's conduct was shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. Coleman v. Kaye, 87 F.3d 1491, 1497 (3d Cir. 1996); see also Smith v. Wade, 461 U.S. 30, 56 (1983). The Court of Appeals in Alexander v. Riga, 208 F.3d 419, 430 (3d Cir. 2000) added that punitive damages may be awarded in a

---

2. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555.

4

civil rights case where a jury finds a civil rights violation even if it has not awarded compensatory or nominal damages.

Pursuant to the Court's discussion, herein, Plaintiff has not sufficiently set forth a claim of reckless or callous indifference to his constitutional rights against Defendant Cousins. Accordingly, this Court agrees that there is no basis for an award of punitive damages.

**Deliberate Indifference**

Plaintiff alleges that Cousins was responsible for all inmates under her care and had a duty to report as well as put to an end any abuse of her clients. See Doc. 2, ¶ 6. According to the Complaint, rather than becoming involved in the situation involving the Plaintiff and Chaplain Burks, Cousins decided that it was a PREA matter. It is also asserted that Cousins failed to take action to protect her client's safety because of concern for her job security. See id.

Cousins properly characterizes the claim against her as seeking relief under the Eighth Amendment. See Doc. 12, p. 7. The Moving defendant argues that entry of dismissal is appropriate because there are no facts alleged showing that she acted with deliberate indifference or subjected Mears to an excessive risk to his health or safety. Moreover, Cousin's alleged statement that she was deferring to the PREA does not show deliberate indifference.

Mears' opposing brief states that Cousins stood back and remained neutral despite knowing that the Plaintiff was a mental health patient under her care. See Doc. 16, p. 2. Plaintiff adds Cousins had a responsibility to intervene on his behalf but rather

5

elected to allow the other Defendants to "deal with the issue." Id. at p. 4.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Prisoners have no constitutionally protected right to a grievance procedure. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")

While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). Pursuant to the above standards, any attempt by Plaintiff to establish liability against Cousins based on the Defendant's alleged failure

to take action in response to an institutional grievance or complaint is insufficient to establish § 1983 liability.

Moreover, the prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life, such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Helling v. McKinney, 509 U.S. 25, 31 (1993). An Eighth Amendment claim against a prison official must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." Farmer, 511 U.S. at 834 (1994). In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id.

Under Farmer, deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. Beers-Capitol v. Whetzel, 256 F. 3d 120, 125 (3d Cir. 2001). This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Based upon an application of the above standards, this Court agrees that the allegation that Cousins failed to take action in response to a post-incident complaint by the Plaintiff does not rise to the level of a viable Eighth Amendment claim. It is noted that Cousins was not employed by the Pennsylvania Department of Corrections, rather, she was a psychiatric physician's assistant who contracted with the DOC to provide mentsl health treatment to

7

SCI-Huntingdon inmates. As such, there is no discernible indication that the Moving Defendant's duties included the training or supervision of prison ministry staff such as Chaplain Burks.

This is was also not a situation where information of potential inmate abuse received by Cousins went unreported to prison officials. On the contrary, Plaintiff acknowledges that Cousins did not involve herself in the situation because Plaintiff's complaints were already being handled by correctional staff, specifically, the PREA Coordinator.

Given Plaintiff's contention that Cousins deferred any involvement and failed to initiate post incident corrective measures because the matter was being addressed by other prison staff members, Mears' claims against Cousins, even if true, did not constitute deliberate indifference to a serious safety risk.

Pursuant to the above discussion, Defendant Cousins' motion to dismiss will be granted. An appropriate Order will enter.

S/Richard P. Conaboy
Richard P. Conaboy
United States District Judge

DATED: AUGUST 22, 2018